22252

Bettie C. STEARNS, Respondent, v. William J. STEARNS, Appellant.

(327 S. E. (2d) 343)

Supreme Court

*Milly S. Dufour* of *Dufour, Dufour & Johnson,* Aiken, *for appellant.*

*Thomas W. Weeks* of *Blatt & Fales,* Barnwell, *for respondent.*

Heard Feb. 5, 1985.

Decided March 5, 1985.

CHANDLER, Justice:

Respondent Wife initiated this divorce action upon the ground of one year's continuous separation seeking alimony, equitable distribution of real and personal property and other relief not involved in this appeal. Appellant Husband joined in Wife's prayer for equitable distribution but denied her entitlement to alimony.

The Family Court granted the divorce, and divided the personal property in approximately equal amounts to the parties. In the division of real property Husband was awarded a lot and mobile home valued at $11,000.00 and a $10,000.00 share of the marital home, valued at a net of $58,200.00, to be paid by Wife in monthly installments of $200.00. Wife was awarded monthy alimony of $400.00, from which Husband was permitted to deduct $200.00 for the monthly payment due him.

Husband appeals the award of alimony and the division of real property.

We approve the award of alimony, modify the division of real property and affirm.

## SCOPE OF REVIEW

"A divorce action being a matter in equity heard by the trial judge alone, this Court's scope of review extends to the finding of facts based on its own view of the preponderance of the evidence." *Mitchell v. Mitchell,* S. C. 320 S. E. (2d) 706 (1984); *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

## EQUITABLE DISTRIBUTION

The factors to be considered in equitable distribution are the relative incomes of the parties, their material contributions and debts, and the facts and circumstances of the particular case. *Mitchell v. Mitchell, supra.* The amount of property awarded to the wife should bear a reasonable relationship to her contributions toward the acquisition of the property or the financial and material success of the family. *Jones v. Jones,* 281 S. C. 96, 314 S. E. (2d) 33 (S. C. App. 1984).

Although during the marriage of 31 years her primary role was that of mother and homemaker, Wife worked part-time during the years their daughter was in school. In 1981 she began full-time employment with net earnings of $575.68 per month.

Husband was employed by the DuPont Company for 27 years and until becoming totally disabled. His gross income from Social Security and DuPont retirement is approximately $1,300.00 per month. The residence and mobile home, titled jointly in the parties, were purchased primarily from earnings of Husband.

There is no issue of fault or serious misconduct on the part of either party.

When all the facts and circumstances of record are considered, we hold the division of real property to be inequitable. Husband's $10,000.00 division of the marital home, added to the $11,000.00 value of the mobile home, represents a 30-70 division. Moreover, his $10,000.00 is reduced substantially by the provision that Wife may pay the amount over fifty months without interest.

We find that Husband should receive a division of $20,000.00 from the marital home, to be paid within ninety days of the filing of this opinion. This modification divides the real property in values of $31,000.00 to Husband and $38,200.00 to Wife, a 45-55 division.

## ALIMONY

Husband contends the trial judge erred in awarding Wife alimony in the amount of $400.00 per month. We disagree.

Among the factors to be considered in determining whether alimony should be awarded are (1) the financial condition of the husband and the needs of the wife, (2) the age and health of the parties, their respective earning capacity and individual wealth, (3) the wife's contribution to the accumulation of their joint wealth, (4) the conduct of the parties, (5) the respective necessities of the parties, (6) the standard of living of the wife at the time of the divorce, (7) the duration of the marriage, (8) the ability of the husband to pay alimony, and (9) the actual income of the parties.

*Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981).

Wife's net monthly income of $578.68 is less than one-half of Husband's. Moreover, only a small portion of his income is subject to taxes. The trial judge's award of $400.00 per month renders the monthly income of each party approximately equal, a result which is fair and proper under the evidence in the case.

Affirmed as modified.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.