0759

Barbara Gore HUNN, Appellant v. Erich Adam Ludwig HUNN, Respondent.

(347 S. E. (2d) 108)

Court of Appeals

*James B. Van Osdell* and *Cynthia Graham Howe*, of *Van Osdell, Lester, Stewart, McCutchen and Brittain*, Myrtle Beach, *for appellant*.

*Howell V. Bellamy, Jr.*, and *Henrietta U. Golding*, both of *Bellamy, Rutenberg, Copeland, Epps, Gravely · & Bowers*, Myrtle Beach, *for respondent*.

Heard May 26, 1986.

Decided July 28, 1986.

GARDNER, Judge:

The appealed divorce decree (1) awarded custody of the two minor children to the wife, (2) ordered the husband to pay $400 per month child support, (3) distributed part of the property of the parties as equitable distribution and (4) provided that the two restaurant businesses owned by the parties remain as jointly held property, but that the husband manage the restaurants.

Prior to the hearing of this matter, the wife petitioned this court to appoint a receiver for the restaurant businesses. Because we remand the case, the petition for the appointment of a receiver is denied.

The issues before us are (1) did the trial judge err in the award of child support and by allowing the husband to satisfy allegedly accrued child support payments by assuming a greater liability for a joint debt, (2) did the trial judge err by including the wife's nonmarital property when identifying the marital estate, (3) did the trial judge err in making the equitable distribution award and (4) did the trial judge err in failing to dissolve the joint ownership of the restaurant businesses.

The parties were married in 1971 and from this marriage there are two children: a son aged 11 at the time of the divorce and a daughter aged 9 at the time of the divorce.

The wife on September 15, 1982, sued the husband for a legal separation praying for alimony, child support and for use of the marital home and its contents, equitable division of the marital estate and attorney fees.

A *pendente lite* hearing was held on October 6, 1982. Just before entering the hearing room, the parties allegedly entered into an agreement whereby it was agreed that the parties each owned a 50 percent interest in the properties owned by the parties individually or as tenants in common. The alleged agreement was announced by the attorneys at the hearing, but no testimony was taken pertaining to the agreement and the court did not make a finding about the fairness of the alleged agreement. Thereafter, the wife became dissatisfied with the alleged agreement, her father died, and her attorney notified the husband's attorney of the wife's objection to including the agreement in the proposed order.

On January 5, 1983, before a *pendente lite* order was filed, the trial court held a second *pendente lite* hearing. The testimony of this hearing is not of record but it appears from orders subsequently referred to herein that the issue of whether the alleged agreement was binding on the wife was argued before the judge.

Thereafter, a temporary order drafted in October 1982, after the first hearing but dated January 28, 1983, recited the agreement of the parties which included the following:

> 8. That, during the pendency of this action and with the aid of their attorneys, the parties shall endeavor to reach a more permanent settlement agreement to be presented to this Court for approval.
>
> Based upon the foregoing, it is hereby ordered, adjudged and decreed:
>
> (a) That the temporary settlement agreement outlined above is hereby adopted as the Order of this Court.
>
> (b) That the parties shall in good faith cooperate to effect the true intent and meaning of the temporary agreement.

And it is so ordered.

The trial judge issued another order on January 28, 1983, providing, *inter alia*, the following:

> The matter was heard by the Court on January 5, 1983. The Petitioner was present and was represented by her attorney, H. E. McCaskill of Conway, South Carolina; the Respondent was present and represented by his attorney, Howell V. Bellamy, Jr., of Myrtle Beach, South Carolina.
>
> Prior to taking any testimony in the matter, the Court was advised by Howell V. Bellamy, Jr., that on October 6, 1982, a temporary hearing was held in the matter; and it was at that time that the parties had entered into a consent order which provided for the matters that the petitioner is now seeking by this hearing to vary. At that time, the Petitioner was represented by Edward T. Kelaher, Attorney-at-Law, Surfside Beach, South Caro-

lina; and since that time, he was removed as counsel for the Petitioner and Petitioner's present attorney, H. E. McCaskill now represents the Petitioner.

The Court has reviewed the Temporary Order and the previous agreement and testimony of the parties in this matter, and is of the opinion that the Temporary Order is binding upon the parties and should remain in full force and effect.

Subsequently, the wife instituted a divorce suit; the husband counterclaimed for a divorce on the grounds of adultery.

A merit hearing on the divorce suit was held on April 26, 1984, and May 3, 1984. The trial judge entered his final order on July 11, 1984.

First, we remand the issue of child support. And in so doing we remind the bench and bar of the factors for consideration in awarding child support and the need for findings of fact and conclusions of law as to these factors which are set forth in *Peebles v. Disher*, 279 S. C. 611, 310 S. E. (2d) 823 (Ct. App. 1984), as follows:

[T]he amount of child support a divorced parent is to pay must be determined by the court after it considers: (1) the needs of the minor child, (2) the incomes, earnings, capacities, and assets of both parents, (3) the health, age, and general physical conditions of both parents and (4) the necessities and living expenses of both parents.

The record does not contain a financial disclosure statement by the wife and the husband's financial disclosure statement reflects no information pertaining to his income, earning capacity or assets, but merely lists monthly expenses of $1,266.86. The husband testified that he averaged a net income of $1,200 monthly as a real estate broker and could only pay child support of $300-$400 per month. The trial judge apparently based the award for child support of the two children upon this limited evidence of the husband's earning capacity. We observe parenthetically at this point that if this is truly an indication of the husband's earning capacity, it is compelling evidence that the husband's per-

centage contribution to the marital estate accumulated during the marriage was insignificant.

Despite the above, the trial court failed to make any of the findings of fact that are required to be determined by *Peebles v. Disher, supra,* and South Carolina Family Court Rule 27(C). For this reason the appealed order is reversed and the issue of child support remanded for compliance with *Peebles v. Disher* and Family Court Rule 27(C).

We also remand the manner of payment of the $16,000 past due temporary support found by the appealed order to be owed the wife and ordered to be paid by the husband to the wife. After finding that the husband owed the wife $16,000 for past due child support payments, the trial judge provided for the payment thereof by requiring the husband to pay $16,000 from the top of a joint debt of $51,526.80; the error the trial judge made was in deducting the $16,000 from the total debt, leaving $35,526.80 as a joint debt rather than debiting the husband's half liability of $25,763.40 with an additional $16,000 and crediting the wife's liability of $25,763.40 with the $16,000. The error of the appealed order is obvious. The appealed order is, therefore, reversed insofar as the manner by which it provided that the $16,000 owed the wife for past due child support be paid. And it is so ordered.

Next, we concurrently address the second, third and fourth issues since they all relate to equitable distribution. And we reverse the appealed order with respect to each of these issues because they are premised upon error with reference to the alleged agreement in the wife's action for a legal separation.

This alleged agreement was made just prior to the October 6, 1982, *pendente lite* hearing in the wife's action for separate maintenance and support; there was no final hearing or order in this action. The order drafted in October 1982, and dated January 28, 1983, was entitled "Temporary Order." The order explicitly recognizes that the parties agree to continue during the pendency of the separate maintenance and support action to endeavor "to reach a more permanent settlement agreement to be presented to this court for approval." Additionally, the temporary order pro-

vided "that the parties shall in good faith cooperate to effect the true intent and meaning of the temporary agreement." From the order itself, it is unmistakably held that the alleged agreement was not complete and that the court adopted the alleged agreement as an incident of a *pendente lite* order in the wife's action for separate maintenance and support but with the understanding that a permanent agreement would be submitted to the court in the merit hearing of the action for separate support and maintenance, which was never held.

When one party seeks to have a written agreement made an order of the court and the other party seeks to change or repudiate the agreement, it is incumbent upon the family courts to determine that the agreement is fair in light of the economic circumstances of each party. *Condon v. Condon*, 280 S. C 357, 312 S. E. (2d) 588 (Ct. App. 1984).

There is no testimony of record at the January 5, 1983, *pendente lite* hearing; however, the trial judge's order of January 28, 1983, simply found that the temporary order was binding upon the parties and should remain in full force and effect and failed to make a factual finding that the agreement was fair to both parties. Because it is clear from the temporary orders that a final agreement was not contemplated by the parties and, further, because the trial court failed to take testimony and make a finding of fact as to the fairness of the agreement, we hold that the trial judge erred in holding the agreement to be binding on both parties.

In the merit hearing on the divorce action, the trial judge repeatedly held that the wife was bound by the agreement and that evidence pertaining to inherited property, gifts, etc., was not admissible. The trial judge appears to have relied on the alleged agreement of the parties that all property was jointly owned and the husband's testimony that he wished to increase his wife's proportionate interest.

It is the duty of the trial judge to make a finding on the proportional equitable interest of each party. The interest should bear a reasonable relationship to the relative direct or indirect contributions of the parties to the acquisition

and maintenance of the marital estate. *Stearns v. Stearns* 284 S. C. 459, 327 S. E. (2d) 343 (1985).[1]

We need not bother the reader with the actual distribution between the parties made by the appealed order. Suffice it to say that the trial court failed to consider the law as to inherited property, gifts, etc., set forth in *Cooksey v. Cooksey*, 280 S. C. 347, 312 S. E. (2d) 581 (Ct. App. 1984) and the law relating to equitable interest in property acquired by a spouse prior to marriage as set forth in *Webber v. Webber*, 285 S. C. 425, 330 S. E. (2d) 79 (Ct. App. 1985); all this in addition to the failure to make the findings of fact required by *Stearns v. Stearns, supra.*

Moreover, the appealed order provided for joint ownership of the restaurant businesses and ordered the parties to maintain a joint account and equally divide any income therefrom. This provision of the appealed order has caused continuous difficulty pending the outcome of this appeal and was the subject of the motion to remand earlier referred to herein. This portion of the appealed order violates the general rule avoiding continuing interaction between the parties and the achieving of finality in divorce decrees. *See Johnson v. Johnson*, 285 S. C. 308, 329 S. E. (2d) 443 (Ct. App. 1985). We hold that this property should be equitably divided between the parties unless there is compelling reasons not to do so.

For the reasons above set forth, we reverse the appealed order as to all issues presented in this appeal and remand the case for a trial *de novo.*

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.

---

[1] The issues of equitable distribution are now subject to Act No. 522, Acts and Joint Resolutions of the General Assembly of South Carolina, 1986 (effective June 13, 1986).