0974

Corey P. BURNS, Respondent v. Diane V. BURNS, Appellant.

(358 S. E. (2d) 168)

Court of Appeals

*Jack W. Lawrence,* of *Lawrence, Shaw & Boggs,* Spartanburg, *for appellant.*

*David H. Wilkins* and *John W. Kittredge,* of *Wilkins, Wilkins, Nelson & Kittredge,* Greenville, *for respondent.*

Heard May 20, 1987.

Decided June 22, 1987.

SHAW, Judge:

In this domestic action, the appellant-wife, Diane V. Burns, appeals a family court order awarding the respondent-husband, Corey P. Burns, custody of the parties' three minor children. We affirm.

While we may find facts in accordance with our own view of the preponderance of the evidence, the family court judge is allowed broad discretion in custody matters since he observed the witnesses and, thus, can better judge their credibility. *Wilson v. Wilson,* 285 S. C. 481, 330 S. E. (2d) 303 (1985).

These parties were married in 1974. Their children include a daughter, born in 1976; a son, born in 1978; and another daughter, born in 1982. At the time of the hearing, the husband was thirty-five years old and employed by an engineering firm. The wife was thirty-three years old and employed as a school teacher. Both parties are in good health.

Unfortunately, the marriage deteriorated and, in October of 1985, the husband petitioned the family court for a divorce on the ground of adultery. The husband sought, among other things, temporary and permanent custody of the children, child support, and equitable division of the marital assets. The wife answered and admitted she had committed adultery. She also sought, among other things, custody of the children, child support, equitable division, and attorney's fees. The family court judge granted the husband a divorce on the ground of adultery. He also granted the husband custody of the children and child support of $160.00 per month. Specific visitation was granted the wife. However, her request for attorney's fees was denied.

The main issue before us is whether the family court judge abused his discretion in awarding custody of the children to the husband. We hold he did not.

The paramount consideration in a custody dispute is the best interests of the children. This determination requires a court to attempt "... the awesome task of looking into the

past and predicting which of the two available environments will advance the best interest of the child and bring about the best adjusted mature individual." *Cook v. Cobb*, 271 S. C. 136, 245 S. E. (2d) 612, 615 (1978).

It is clear from the record both the husband and wife are fit parents. Both have good relationships with each of the children. However, the family court, after viewing all the evidence, determined the best interests of the children would be served by awarding the husband custody. The following facts from the record support this finding, as within the family court's discretion.

Although the wife primarily cared for the children while they were infants, the husband contributed substantially to their care including changing diapers, feeding the children, bathing the children, and reading to them. He also gave them medication when necessary and shared the carpooling duties. The court found the husband had demonstrated genuine love and concern for the children and that they love him. He attended and participated in many of their school and extracurricular activities. During the time the children were temporarily in the husband's custody, prior to the final hearing, he demonstrated considerable skill in household chores. The record reveals he kept a neat house, is a good cook, and exercises positive discipline.

The husband testified in detail regarding his daily schedules for meals, carpooling, and the children's activities. The husband is well organized and his work schedule allows him the flexibility to leave work, if necessary for one of the children's welfare. The children will have to attend day care. However, they also attended day care during the marriage as both the husband and wife worked outside the home. The family court judge found both of the children who attend school are performing well and are involved in extracurricular activities. He found the youngest daughter "delightful and personable."

Given all this evidence, the husband is obviously an outstanding parent. The wife simply has failed to persuade this court the family court's decision amounts to an abuse of discretion. The wife argues the family court put too much emphasis on her adultery. However, while the judge did find the wife's adultery had "affected adversely the welfare of

the children," he also explicitly noted the husband would be granted custody even absent the wife's adultery.

We hold the family court judge properly considered all the evidence, including expert testimony offered by the parties, as is his duty, and we find no abuse of discretion in his decision.

Finally, we hold other issues raised on appeal are either precluded by our decision on custody or are meritless.

Affirmed.

GARDNER and CURETON, JJ., concur.