1072

Frances Pritchett WOODWARD, Respondent-Appellant v. William McGill WOODWARD, Appellant-Respondent.

(363 S. E. (2d) 413)

Court of Appeals

*Robert B. Wallace* and *Paul E. Tinkler*, both of *Wallace & Tinkler;* and *Thomas S. Tisdale*, of *Young, Clement, Rivers & Tisdale*, Charleston, *for appellant-respondent.*

*Ann M. Stirling*, of *Stirling & O'Connell*, and *Edmund H. Robinson*, of *Shimel, Ackerman, Theos, Spar & Robinson*, Charleston, *for respondent-appellant.*

Heard Nov. 16, 1987.

Decided Dec. 14, 1987.

CURETON, Judge:

This is a divorce case. The appellant-husband appeals several aspects of the equitable division award, the alimony award, attorney fees and an evidentiary ruling by the trial judge. We affirm in part, reverse in part and remand.

The facts of this case are not in dispute. The parties met in 1962 while the husband was a medical student at the Medical College of South Carolina. The wife was a resident in ophthalmology at the same institution. They married in 1963. The parties' daughter and son were ages 20 and 17 respectively at the time of the divorce hearing in March 1986.

The husband finished medical school in 1965 and began his family practice the same year. Because she was pregnant with their daughter, the wife did not begin practice until the next year. She practiced ophthalmology for approximately a year and a half before she quit to take care of the home. Later she worked intermittently as an ophthalmologist. She also became board certified as a family practitioner and worked in her husband's family practice. She has never been board certified in ophthalmology and has permitted her family practice certification to expire.

The husband has developed a thriving practice over the years and has earned most of the family's income. From 1965 to 1984, he earned $1,043,742.00. During the same period the wife earned only $157,249.00.

After twenty-one years of marriage, the parties separated in July of 1984 because of a relatively minor argument. Although the husband attempted a reconciliation, the wife refused.

The divorce decree awarded custody of the parties' son to the husband. It awarded the wife a ten percent interest in the husband's professional association (medical practice), forty three percent (43%) of the other marital property, permanent alimony of $3,000.00 per month, and attorney fees and costs of $30,000.00.

While the husband complains of several findings and an evidentiary ruling of the trial court, the primary issues in this appeal are whether the trial judge: (1) erroneously valued the professional association, the marital home and surrounding acres; (2) should have awarded the wife permanent alimony in the amount of $3,000.00 per month, and (3) committed reversible error in awarding attorney fees and costs of $30,000.00.

## EQUITABLE DISTRIBUTION

When the husband incorporated his medical practice, he issued ninety percent (90%) of the stock in his name and ten percent (10%) in the wife's name. He does not object to the court's award of a ten percent (10%) interest in the P.A. to the wife. He argues the trial judge overvalued the professional association which was awarded to him and undervalued the marital home and surrounding acres which were awarded to the wife. He argues the wife in actuality received more of the marital assets than the court found was due to her.

The primary error the husband argues is the valuation of the P.A. The trial judge valued the P.A. at $394,036.00. He awarded it to the husband and ordered him to pay the wife $39,403.00 for her 10% interest. In valuing the P.A. the judge accorded the following values to its assets: (1) accounts receivable $310,000.00; (2) cash $21,147.00; (3) furnishings $19,018.00; (4) equipment $23,672.00; and (5) automobiles

$40,052. He then deducted a debt of $19,853.00 owed by the P.A. to arrive at the $394,036.00 valuation.

The husband first argues the accounts receivable valuation is not supported by the evidence. We agree. The wife's expert valued the accounts receivable at $305,215.00, but acknowledged some adjustment needed to be made to this figure for uncollectible accounts and for taxes. He testified he had no idea how to make these adjustments. The husband's appraiser testified the book value of the accounts receivable totaled $310,000.00 at or near the date of separation. He then made several adjustments and deductions to that figure for uncollectibles, taxes and a 25% investment return to a purchaser if the accounts were sold. The husband's appraiser arrived at a net asset value for the accounts receivables of $85,246.00. An alternative valuation netted only $66,650.00 for the accounts receivable.

The trial judge apparently accepted the book value of the accounts receivable but made no deduction for uncollectibles and taxes. This was error in view of the uncontradicted evidence by both parties' experts that some deduction needed to be made for uncollectibles and taxes. When valuing business assets of a going business for equitable division purposes, the family court should value the assets as part of a "going business" not as liquidated assets. *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). Although the trial judge was free to believe the valuation placed on the accounts receivable by the husband's expert represented the liquidated value of the assets and not their fair market value, the evidence does not support the value the trial judge placed on them. We remand for the trial court to revalue these assets.

The husband also asserts the trial court overvalued the two automobiles owned by the P.A. by accepting their balance sheet value of $40,052.00. The wife testified the car she drove which was owned by the P.A. was worth $5,000.00. The husband testified this car was worth $10,000.00 and the other car driven by him and owned by the P.A. was worth $18,000.00. The husband traded his car after the separation for $17,800.00. The wife argues the husband cannot complain of the court's valuation since he produced no expert to testify regarding their values. The parties were

competent to testify concerning values. *Cooper v. Cooper*, 289 S. C. 377, 346 S. E. (2d) 326 (Ct. App. 1986). We hold the valuation of these assets is not supported by the record and remand for revaluation. ____

The husband also excepts to the values the court placed on the furniture and equipment owned by the P.A. Again the trial court's valuation is based on book value although the husband and his expert testified these assets were worth less than half of their book value. Because we must remand to the family court the question of valuation of the P.A., we will not address those exceptions further. On remand, the trial court shall reconsider the valuation of these assets.

The husband argues the trial judge undervalued the marital residence and surrounding acreage. The property in question consists of the marital home which sits on a 24 acre tract and a separate 75 acre tract located across the road from the marital residence. The wife's appraiser valued the house and 24 acres at $143,000.00. He did not value the house separate from the 24 acres. The husband's expert appraised the 3,126 square foot house at $40.00 per square or $125,289.00. He depreciated the value of the house to $82,697.00, then added to this figure several items to arrive at adjusted fair market value of $127,752.00. He valued the farm buildings at $25,000.00 and the 24 acres of land at $74,370.00 or $3,100.00 per acre for a total value of $227,122.00 for the house, farm buildings, and acreage.

The trial judge valued the house at $125,280.00 and the 24 acres at $1,200.00 per acre or $28,800.00 for a total value of $154,080.00. Husband conceded at oral argument that he could not complain of the value the court placed on the house. We hold the trial judge abused his discretion in valuing the acreage. The only evidence of value of the 24 acres was $3,100.00 per acre. We find no abuse of discretion by the family court in valuing the 75 acre tract. The value found by the court for that tract, while favoring the wife, was well within the range of the testimony offered by both parties at trial. *Chastain v. Chastain*, 289 S. C. 281, 346 S. E. (2d) 33 (Ct. App. 1986).

The husband argues the trial judge failed to credit him for $5,000.00 he gave the wife for home renovations after separation, and for post-separation contri-

butions he made to the wife's retirement plan. He claims the judge did not consider the wife's "economic misconduct" in refusing to file a joint tax return for 1984 which cost him over $5,000.00 in additional taxes. He also argues the judge placed no value on a silver flatware set and certain jewelry and pearls awarded to the wife. The husband made a post-hearing motion to have the trial judge reconsider his order but the record does not reveal he raised these issues in his motion or that the trial court ruled on them. These issues are therefore not preserved for review by this court. *See Bailey v. Covil Corp.*, 291 S. C. 417, 354 S. E. (2d) 35 (1987); *Ringer v. Graham*, 293 S. C. 238, 359 S. E. (2d) 523 (Ct. App. 1987). On remand, however, the trial judge will consider the impact these matters have on the final equitable division award. The claim of economic misconduct is manifestly without merit. Section 14-8-250, Code of Laws of South Carolina, 1976 as amended.

In like manner, the husband did not raise in his Rule 59(e) motion the failure of the trial court to award him an interest in the wife's patent. He cannot complain now on appeal. Moreover, the husband conceded the patent is presently worthless. To award him an interest in the patent upon the speculation it may some day become valuable is contrary to the policy of finality desired in marital litigation. *Hunn v. Hunn*, 289 S. C. 499, 347 S. E. (2d) 108 (Ct. App. 1986); *Johnson v. Johnson*, 285 S. C. 308, 329 S. E. (2d) 443 (Ct. App. 1985). This claim is also without merit.

In his answer and counterclaim the husband sought an order allowing him to return to the marital home to collect his personal property. The trial court's order is silent on the request. Although we need not address this argument for the reasons mentioned in preceding paragraphs, the trial court may consider this request upon remand.

The trial court ordered the husband to be solely responsible for a joint debt owed by the parties to their children. The husband claims the debt should have been evenly divided. Marital debts may be considered in an equitable distribution division. *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985). In view of the testimony of the husband's greater ability to repay the debt, we find no abuse of discretion under the facts of this case.

## ALIMONY AWARD

The trial judge awarded the wife $3,000.00 per month in permanent alimony. The husband argues two points on appeal: (1) the judge should have awarded rehabilitative alimony, and not permanent alimony, and (2) $3,000.00 per month is excessive.

The wife testified she expected to complete her retraining in ophthalmology in June 1986 at which time she expected to get a job. Her financial declaration shows she has a monthly income of $2,595.83 and expenses of $3,187.93. The husband's actual income at the time of the hearing was such that after all expenses he had $6,670.06 per month in "excess income."

Alimony is a substitute for support which is normally incident to a marital relation. It is the duty of the divorcing court to make an award of alimony that is fit, equitable and just if the claim is well-founded. *Oyler v. Oyler*, 293 S. C. 4, 358 S. E. (2d) 170 (Ct. App. 1987). Here the award of $3,000.00 per month was well in excess of the wife's needs. While the husband acknowledges he is able to pay the award, ability to pay is only one of the factors in determining alimony. *Johnson v. Johnson*, 288 S. C. 270, 341 S. E. (2d) 811 (Ct. App. 1986). The other *Johnson* factors would militate against the instant award.

We think the present alimony award is in the nature of a division of the husband's future excess income. Where, as here, the wife has been awarded a fair percentage of the marital estate, it is error to award her permanent alimony substantially in excess of her needs. She has a right to be supported in accordance with her needs and the standard of living she enjoyed at the time of the parties' separation, but no right to receive funds from which she may increase her own estate. We recognize the trial judge states in his order that the wife will need help in starting her practice. Nevertheless, he makes no specific findings regarding such needs. Further, the wife testified she did not know whether she would go into practice alone or take a salaried job with another ophthalmologist. She testified to several job prospects, and she indicated she fully expected to find a job and support herself. We therefore reverse the alimony award and remand to the trial court to establish a more appropriate award. On remand, the trail court may consider whether

a rehabilitative alimony award is warranted under the facts of this case.

## ATTORNEY FEES

The husband next argues the attorney fee award was excessive. We disagree. The wife's attorney put into evidence an affidavit stating:

> That at the time of [wife's] initial consultation ... [she] was advised of a fee arrangement whereby [she] would be charged an hourly rate of $100.00 per hour ... Additional fee considerations were agreed to involving billing for *results achieved....*

The affidavit states the attorney devoted 113.75 hours to the case up to the date of the divorce hearing. At the rate of $100.00 per hour, a fee of $11,375.00 was requested for these services. The $11,375.00 figure did not include a fee for the three day divorce hearing, nor did it include a sum to reimburse the wife for the $5,000.00 she paid her former attorney in the case. Moreover, the trial judge indicated he considered the contingency of the fee arrangement between the wife and her attorney in making the attorney fee award.

An award of attorney fees is within the sound discretion of the trial court. *Collins v. Collins*, 283 S. C. 526, 324 S. E. (2d) 82 (Ct. App. 1984). The trial judge made findings in accordance with the factors set out in *Gay v. Gay*, 288 S. C. 74, 339 S. E. (2d) 532 (Ct. App. 1986). Our review of the record reveals no abuse of discretion by the trial judge in making the attorney fees award.

## EVIDENTIARY MATTER

Finally, the husband urges as a ground for reversal the trial court's refusal to permit a proffer of evidence. At the hearing, husband's appraiser attempted to testify to a conversation he had with the wife's appraiser. The wife's attorney objected and after a brief discussion, the husband's attorney asked that he be allowed to make a proffer. The judge responded, "It seems to me like you're competing one against the other and I've got this. I don't think it'd be proper." Husband's atorney responded "All right" and did not pursue the matter further. The husband

has not shown this exclusion was prejudicial. Moreover, as the wife points out, the husband has not attempted in this appeal to indicate what the proffered testimony would have been. We therefore have nothing to review. *Gold Kist, inc. v. Citizens and Southern Nat. Bank,* 286 S. C. 272, 333 S. E. (2d) 67 (Ct. App. 1985).

The order of the trial court is reversed as to the valuation of the P.A., reversed as to the valuation of the marital home and the surrounding 24 acres, reversed as to the alimony award, and affirmed as to all other matters. The case is remanded to the trial court for proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

SHAW and BELL, JJ., concur.