1069

Betty C. SMITH, Respondent v. David C. SMITH, Appellant.
(363 S. E. (2d) 404)

Court of Appeals

*J. D. Todd, Jr.*, of *Leatherwood, Walker, Todd & Mann*, Greenville, *for appellant.*

*O. W. Bannister, Jr.* of *Hill, Wyatt & Bannister*, Greenville, *for respondent.*

Heard Dec. 7, 1987.

Decided Dec. 14, 1987.

GOOLSBY, Judge:

David C. Smith appeals from the order of the family court, as amended, granting his wife Betty C. Smith a divorce on the ground of twelve-months separation, awarding his wife custody of the parties' minor children and providing for their support, dividing the marital property between the parties, and awarding his wife attorney fees. The parties separated on June 19, 1985. This action was commenced a year later. Neither party questions the applicability of the new equitable apportionment act to the instant action. *See* S. C. Code of Laws §§ 20-7-471 *et seq.* (Cum. Supp. 1986) (the Equitable Apportionment of Marital Property Act); 64 STAT. Act No. 522 § 2 at 3272 (1986) ("This act shall take effect [on June 13, 1986,] and shall apply to all actions pending in which a notice of intention to appeal has not been filed and in all actions thereafter filed in the trial courts of this State."). We affirm as modified.

## I. Counterclaim

The husband complains of the trial court's failure to consider his counterclaim for a divorce on the ground of adultery.

As we noted above, the trial court held the wife entitled to divorce on the ground of twelve-months separation, a holding which the husband does not question. Because the granting of a divorce to the husband on the ground of adultery would not have dissolved the marriage any more completely, we need not consider the husband's contention that he should have been awarded a divorce on his counterclaim. 27B C.J.S. *Divorce* § 286 at 64-65 (1986).

## II. Alimony

The husband next complains of the trial court's failure to bar the wife from receiving alimony because of her admitted adultery. We discern no prejudice.

The failure of the trial court either to award her alimony or to reserve the question of allowance of future alimony operates to bar her from receiving it hereafter. *Lawter v. Lawter*, 289 S. C. 298, 345 S. E. (2d) 479 (1986); *Taylor v. Taylor*, 241 S. C. 462, 128 S. E. (2d) 910 (1962).

## III. Custody

The husband contends that the trial court abused its discretion in granting custody to the wife of the parties' two sons, ages 15 and 11. His contention centers upon the trial court's finding that the wife's accommodations for the children are "superior."

The question of children's custody is one addressed to the sound discretion of the trial court. *Adams v. Adams*, 262 S. C. 85, 202 S. E. (2d) 639 (1974). We are unable to discover an abuse of discretion here.

In awarding the wife custody of the parties' two sons, trial court also noted that the wife had been the children's primary caretaker all their lives and that they had been in her custody since the parties separated. The latter factor alone supports the trial court's decision in this instance to place the children in the wife's custody. *Ford v. Ford*, 242 S. C. 344, 130 S. E. (2d) 916 (1963); 67A C.J.S. *Parent & Child* § 30 at 257 (1978).

### IV. Child Support

The husband further contends that the trial court abused its discretion in not requiring the wife to contribute to the support of their children while at the same time requiring him to do so in the amount of $750 a month. This contention is manifestly without merit.

Both parents, of course, have an obligation to support their children. S. C. Code of Laws § 20-7-40 (1976); *Sauls v. Sauls*, 287 S. C. 297, 337 S. E. (2d) 893 (Ct. App. 1985); 67A C.J.S. *Parent & Child*, § 53 at 333 (1978). Support, however, encompasses more than financial aid. It also includes services rendered to one's children. As the custodial parent, the wife, in performing for her children all the day-to-day services demanded of her, such as preparing meals, washing clothes, and the like, can reasonably be expected to contribute substantially to the parent's mutual obligation to support their children. *Ducote v. Ducote*, 339 So. (2d) 835 (La. 1976).

### V. Equitable Division

#### A. Value of Household Furnishings

The husband maintains that the trial court, when dividing the marital property, erroneously valued the household furnishings in the wife's possession.

The trial court rejected the husband's valuation of the household furnishings in the wife's possession and accepted the value that the wife's expert witness placed on these items. The expert's opinion regarding the value of the household furnishings was reflected on a written appraisal received in evidence without objection. The husband argues that the trial court should have accepted his opinion as to the value of the household furnishings and not the expert's.

The weight that the trial court affords the testimony of witnesses, including parties, is discretionary with the trial court. *Corley v. Rowe*, 280 S. C. 338, 312 S. E. (2d) 720 (Ct. App. 1984). In valuing marital assets, the trial court "is fully within its discretion to choose the valuations of one party over those of the other party." 27B C.J.S. *Divorce* § 544 at 565 (1986).

Here, the trial court chose to believe the wife's expert, an interior designer and antique dealer experienced in

appraising household furnishings and a person whose professional qualifications the husband did not challenge. It committed no abuse of discretion in doing so. *See Id.* at 564 (the trial court has broad discretion in valuing marital property).

## B. Stock as Marital Property

The husband also maintains that the trial court erroneously classified as marital property 3,000 shares of certain stock purchased with $13,000 given to him by his mother and 1,000 shares of stock given to him by his employer. We disagree.

We recognize that gifts made by a third party to one spouse alone and property acquired in exchange therefor do not ordinarily constitute marital property and therefore should not be included in the marital estate. S. C. Code of Laws § 20-7-473(1) (Cum. Supp. 1986); *Barr v. Barr,* 287 S. C. 13, 336 S. E. (2d) 481 (Ct. App. 1985); *Hussey v. Hussey,* 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984) (*en banc*); 27B C.J.S. *Divorce* § 524 at 527-28 (1986).

As to the 3,000 shares, evidence offered by the wife that the husband's mother gave the money used to buy this stock to both her and the husband supports the finding that these shares constituted marital property. *See* S. C. Code of Laws § 20-7-473 (Cum. Supp. 1986) ("The term 'marital property' . . . means all . . . property . . . acquired by the parties during the marriage and . . . owned as of the date of filing or commencement of marital litigation. . . ."). Although the husband offered contrary evidence, the trial court was in the better position to judge the credibility of the parties. *Burns v. Burns,* 293 S. C. 1, 358 S. E. (2d) 168 (Ct. App. 1987). Determinations of this kind ordinarily will not be disturbed on appeal. 27C C.J.S. *Divorce* § 607 at 151 (1986).

As to the 1,000 shares, we leave undisturbed the trial court's finding that they too constituted marital property because the finding is supported by reasonable inferences from the evidence and we are not required to disregard a trial court's findings. *Id.; Mann v. Walker,* 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985). The husband admitted that the transfer of these shares to him by his employer was in consideration of his remaining an employee

of his employer and that the transfer was reported "as income." Clearly, the transfer of these shares to the husband was not a gift. *See* S. C. Code of Laws § 20-7-473 (Cum. Supp. 1986); *McLeod v. Sandy Island Corp.*, 265 S. C. 1, 9, 216 S. E. (2d) 746, 749 (1975) (a "gift" is "a voluntary transfer of property by one to another without any consideration or compensation therefor."); *cf.* 27C C.J.S. *Divorce* § 568 at 73 (1986) ("[S]ecurities acquired during the marriage are subject to distribution even if they were purchased through contributions made by only one spouse.").

## C. Equitable Apportionment

The husband further maintains that the trial court erred in awarding each party 50 percent of the marital property.

The apportionment of the marital estate is a matter that is left to the sound discretion of the trial court. *Rampey v. Rampey*, 286 S. C. 153, 332 S. E. (2d) 213 (Ct. App. 1985). The decision of the trial court in this regard will not be disturbed on appeal unless found to be an abuse of discretion. *Jones v. Jones*, 281 S. C. 96, 314 S. E. (2d) 33 (Ct. App. 1984). There is no exact formula for the equitable apportionment of marital assets. *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985).

### 1. Wife's Contribution

The husband charges the trial court abused its discretion in apportioning the marital property because it did not accept his expert's testimony that the wife's contributions to the accumulation of marital assets did not exceed 37 per cent.

In apportioning marital property, the trial court may give such weight to expert testimony as it deems appropriate. *See* 88 C.J.S. *Trial* § 208 at 415 (1955) ("In weighing evidence the law makes no distinction between expert testimony and evidence of any other character, and it is for the trier of the facts to determine the weight to be given to any evidence."); *Corely v. Rowe, supra* at 340, 312 S. E. (2d) at 722 ("[T]he weight to be given evidence lies within the province of the fact finder."); *cf. In re Crawford*, 205 S. C. 72, 90, 30 S. E. (2d) 841, 848 (1944) ("Instances are not wanting in which this and other courts have been called upon to completely reject expert testimony."). Thus, the

trial court was not bound to accept the expert's testimony regarding the wife's contributions.

We note, moreover, that the wife testified in some detail about her contributions. During their 18-year marriage, the wife provided homemaker services and on occasion worked either part-time or full-time, contributing the money she earned to the support of the family. *See* S. C. Code of Laws § 20-7-472(3) and (4) (Cum. Supp. 1986) (in making an apportionment, the court must consider among other things, each spouse's contributions, including homemaker services and income).

### 2. Wife's Marital Misconduct

The husband also charges the trial court abused its ■ discretion in apportioning the marital property because it "gave no consideration to the adulterous conduct of [the wife]."

The new equitable apportionment statute directs a court in apportioning marital property to consider "marital misconduct ... of either or both parties ..., if the misconduct affects or has affected the economic circumstances of the parties, or contributed to the breakup of the marriage...." *Id.* § 20-7-472(2). The weight to be given to evidence of marital misconduct as a factor in dividing marital property is for the trial court to determine in the exercise of its discretion. *See Id.* § 20-7-472 ("In making apportionment, the court must give weight in such proportion as it finds appropriate to all of the following factors. ...").

Here, the trial court expressly considered marital misconduct; however, the trial court gave it no weight. We think the trial court acted properly since the wife's misconduct occurred well after the parties separated on June 19, 1985, and there is no evidence that the wife's misconduct placed any extra financial burden on the husband during the marriage. *See Woodside v. Woodside,* 290 S. C. 366, 350 S. E. (2d) 407 (Ct. App. 1986) (a spouse's marital misconduct becomes important in equitable distribution when it causes the other spouse to carry a greater share of the partnership load); 27B C.J.S. *Divorce* § 535 at 551 (1986) (marital misconduct is entitled to consideration when the errant spouse's misconduct places an extra burden on the other spouse in the partnership endeavor).

### 3. Failure to Award Alimony

The husband also charges the trial court abused its discretion in apportioning the marital property because it used the wife's failure to request alimony as a basis for enhancing the wife's share of the marital estate.

The fact of whether a spouse is awarded alimony is a proper matter for the trial court to consider in apportioning marital property. *See* S. C. Code of Laws § 20-7-472(9) (Cum. Supp. 1986). A failure to award alimony because of marital fault, however, cannot be used to increase a spouse's distributive share. *Berry v. Berry*, 290 S. C. 351, 350 S. E. (2d) 398 (Ct. App. 1986).

In this instance, the trial court simply noted that neither spouse sought alimony. Nothing in its order suggests that, as the husband contends, it used the wife's failure to request alimony as a basis for enhancing her share of the marital property. This contention, therefore, lacks merit. *Watson v. Watson*, 291 S. C. 13, 351 S. E. (2d) 883 (Ct. App. 1986).

### 4. Sale of Marital Home

The husband also charges the trial court abused its discretion in apportioning the marital property because it considered the division by the parties of the proceeds from the sale of the marital home as indicative of what the parties themselves thought was an equitable division of the marital assets.

The marital home, which was jointly titled, was sold shortly after the parties separated. Each received half of the proceeds of sale.

We think the challenged inference was a fair one for the trial court to draw, especially since the property was clearly marital property. *See* 27B C.J.S. *Divorce* § 526 at 530 (1986) ("For purposes of equitable distribution ..., marital property generally includes the joint property and assets of the spouses, however, and whenever acquired.").

The trial court, therefore, did not abuse its discretion in awarding the wife 50 per cent of the marital estate.

In reaching our conclusion, we have simply noted that the trial court excluded the husband's vested retirement plan from the marital estate, a plan which the trial court valued at $137,916.43. *See* S. C. Code of Laws § 20-7-472(8) (Cum. Supp. 1986) (in apportioning marital property, the court

may consider "the existence or nonexistence of vested retirement benefits for each or either spouse"). The total value of the marital estate, as found by the trial court and exclusive of the retirement benefits, was $125,747.75.

### D. Distribution of Stock

The husband levels one other complaint at the trial court's apportionment of the marital property. This complaint concerns 4,000 shares of Builders Mart of America stock and 3,675 shares of Tel/Man stock that the trial court found were owned by the parties. The trial court directed either that the shares be divided in kind or that the wife be paid their fair market value as of the date of its order. The husband asserts that the trial court should have allowed him to pay the wife her proportionate share of the stock based on its value at the time the parties separated, a value much less than it had on the date the trial court issued its order.

We know of no authority, and the husband does not cite any, that holds that only one spouse is entitled to any appreciation in marital assets that occurs after the parties separate and before the parties are divorced. We would think both parties would be entitled to any such appreciation.

We also know of no South Carolina authority for the trial court to value marital property, including stocks, as of the date of the dissolution of the marriage. The proper date would be "the time the marital litigation is filed or commenced," since that is the time that property must now be owned to come within the meaning of the term "marital property." S. C. Code of Laws § 20-7-473 (Cum. Supp. 1986).

Accordingly and to minimize further uncertainty, we modify the order being appealed and delete therefrom the buy-out alternative to the in-kind transfer. The husband, then, shall transfer to the wife 2,000 shares of Builders Mart of America stock and 1,837 shares of Tel/Man stock.

### VI. Attorney Fees

The husband's last contention relates to the award by the trial court of $1,562 in attorney fees to the wife to be paid out of the marital assets before they are

divided. He argues that the trial court erred in not directing that his attorney fees also be paid out of the same source.

The effect of the trial court's order, considering the apportionment of the marital assets, is to make the husband responsible for paying only $781 in attorney fees.

The husband's argument really amounts to a complaint that he too should have been awarded attorney fees in some stated amount for which he and the wife should be equally responsible for paying.

The question of whether to award attorney fees is one addressed to the sound discretion of the trial judge. *O'Neill v. O'Neill*, 293 S. C. 112, 359 S. E. (2d) 68 (Ct. App. 1987); *Hartley v. Hartley*, 292 S. C. 245, 355 S. E. (2d) 869 (Ct. App. 1987). We find no abuse of discretion here, especially when the financial resources of the husband, his earning capacity, and the results of this litigation are considered.

Affirmed as modified.

SANDERS, C. J., and GARDNER, J., concur.