THE STATE OF SOUTH CAROLINA

THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Charles Ellis Cutshaw,       
Respondent,
 
 
 

v.

 
 
 
Joyce Sinclair Cutshaw,       
Appellant.
 
 
 

Appeal From Chester County
Brooks P. Goldsmith, Family Court Judge

Unpublished Opinion No. 2004-UP-269
Submitted March 8, 2004  Filed April 
 19, 2004

AFFIRMED 

 
 
 
Coreen B. Khoury, of Lancaster, for Appellant.
Thomas F. McDow, of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  Joyce Sinclair Cutshaw (Wife) appeals the
provision of the family court order placing the valuation on the real property
allotted to Charles Ellis Cutshaw (Husband), and the apportionment of unsecured
martial debt.  We affirm.[1] 

FACTS
The family
court granted Husband and Wife a divorce and issued an order apportioning the
marital property and debt.  All
assets and debt were divided equally except for two parcels of property: 
(1) a house and seventeen acres located in Farmwood Estates and (2) a
house and twelve acres located on Trussel Road. 
Husband and Wife each had independent experts appraise the properties for
the purpose of equitable distribution.  Husbands
appraiser valued Farmwood at $118,000, while Wifes appraiser valued it at
$154,000.  Husbands appraiser
submitted a value of $84,000 on Trussel Road, compared with a valuation of
$98,000 offered by Wifes appraiser.  The
family court awarded Farmwood to Husband with a 45 percent equity interest
retained by Wife, and awarded Trussel Road to Wife with a 45 percent equity
interest retained by Husband.  For
both parcels, the court accepted the appraised values placed on them by the
appraiser for the party to whom the property was awarded; that is, the court
used Husbands appraisal for Farmwood and Wifes appraisal for Trussel Road.
 

Wife appeals the valuation assigned to Husbands property at Farmwood
and also the distribution of unsecured marital debt, contending it to be
inequitable. 
DISCUSSION
 In appeals from the family court, this court may find facts in accordance 
 with its own view of the preponderance of the evidence.  Miles v. Miles, 
 355 S.C. 511, 516, 586 S.E.2d 136, 139 (Ct. App. 2003).  However, this broad 
 scope of review does not require us to disregard the family courts determinations.  
 Id.  Nor do we ignore the fact that the trial judge, who saw and heard 
 the witnesses, was in a better position to evaluate their credibility and assign 
 comparative weight to their testimony.  Id.  
 
I.  Valuation of 
 Farmwood
Wife claims the family court erred in adopting Husbands valuation 
 of Farmwood, arguing the appraisal was too low in light of all the evidence.  
 We disagree. 
In valuing marital property, the family court may give such weight to expert 
 testimony as it deems appropriate.  Smith v. Smith, 294 S.C. 194, 200, 
 363 S.E.2d 404, 408 (Ct. App. 1987).  Therefore, the court may accept one partys 
 valuation of marital property over anothers.  Id. at 200-201, 363 S.E.2d 
 at 4078.  
 The family courts valuation will not be disturbed if it is within the range 
 of evidence.  Woodward v. Woodward, 294 S.C. 210, 215, 363 S.E.2d 413, 
 416 (Ct. App. 1987).
Husbands appraiser testified Farmwood had a value of $118,000 at 
 the time of trial.  Although Wifes expert valued the property at $154,000, 
 we note the same expert valued the property at $120,000 less than two years 
 earlier when the parties refinanced the property.  We therefore conclude the 
 valuation assigned to Farmwood was within the range of values supported by the 
 evidence.  Accordingly, the family court did not err by adopting Husbands appraisal.
II.  Allocation of Unsecured Marital Debt
Wife argues the family court erred by allocating 50 percent of the 
 unsecured marital debt to her.  She contends the court abused its discretion 
 by requiring her to pay an equal share of the debt while only giving her a 45 
 percent interest in Farmwood.  We disagree.
When apportioning marital debt, the family court must consider the 
 factors set out in S.C. Code section 20-7-472 (Supp. 2003).  The statute vests the family 
 court with discretion to decide what weight should be assigned to the various 
 factors of equitable apportionment.  On review, we look to the fairness of the 
 overall apportionment; if the end result is equitable, it is irrelevant that 
 we might have weighed specific factors differently than the family court.  Jenkins 
 v. Jenkins, 345 S.C. 88, 100, 545 S.E.2d 531, 537 (Ct. App. 2001).  
Wife argues because a portion of the marital debt was incurred to 
 pay for improvements to Farmwood as well as Husbands medical bills, the family 
 court should have made Husband pay a greater share of the debt.  The debt was 
 not limited to expenses for Husband alone.  Moreover, Wife received an equal 
 share of the personal property accumulated during the marriage, despite the 
 fact she earned only 35 percent of the household income.  As such, when considering 
 the overall distribution, we find no abuse of discretion in the equitable distribution 
 of marital debt.
AFFIRMED.
HUFF and STILWELL, JJ., and
CURETON, A.J., concur.

 
 [1]
 
           We decide this case without oral argument pursuant to Rule 215,
 SCACR.