**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Russell Fleming Jr., Respondent,

v.

Kelly Dawn Fleming, Appellant.

Appellate Case No. 2012-212942

———————————

Appeal From Sumter County
George M. McFaddin Jr., Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-477
Heard December 3, 2014 – Filed December 23, 2014

———————————

**AFFIRMED**

———————————

Emma Isabelle Bryson, of Bryson Law Office, LLC, of Columbia, for Appellant.

Michael W. Self, of McDougall & Self, L.L.P., of Sumter, and Robert L. Widener, of McNair Law Firm, P.A., of Columbia, both for Respondent.

———————————

**PER CURIAM:** In this divorce action, Appellant Kelly Dawn Fleming (Wife) appeals the family court's final order, arguing the family court erred in (1) its valuation of the medical office building of John Russell Fleming (Husband), (2)

awarding Wife an insufficient amount of alimony, and (3) not awarding Wife attorney's fees.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Wife's argument that the family court erred in its valuation of Husband's medical office building:  *Smith v. Smith*, 294 S.C. 194, 198, 363 S.E.2d 404, 407 (Ct. App. 1987) (stating it is within the family court's discretion to accept one party's valuation over the other party's valuation); *Woodward v. Woodward*, 294 S.C. 210, 215, 363 S.E.2d 413, 416 (Ct. App. 1987) (affirming the family court's property valuation, even though it favored one party, because it was well within the range of the testimony offered by both parties); *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006) ("The family court has broad discretion in valuing the marital property.  A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (citations omitted)).

2.      As to Wife's argument that the family court erred in awarding Wife an insufficient amount of alimony:  *Reiss v. Reiss*, 392 S.C. 198, 208, 708 S.E.2d 799, 804 (Ct. App. 2011) ("Alimony is a substitute for the support normally incident to the marital relationship and should put the supported spouse in the same position, or as near as is practicable to the same position, enjoyed during the marriage.  If an award of alimony is warranted[,] the family court has a duty to make an award that is fit, equitable, and just." (citations omitted)); *King v. King*, 384 S.C. 134, 140–41, 681 S.E.2d 609, 613 (Ct. App. 2009) ("The amount to be awarded for alimony, as well as a determination of whether the spouse is entitled to alimony, is within the sound discretion of the family court." (citation omitted)); *Browder v. Browder*, 382 S.C. 512, 518, 675 S.E.2d 820, 823 (Ct. App. 2009) (finding a family court's award of alimony will not be disturbed absent an abuse of discretion).

3.      As to Wife's argument that the family court erred in not awarding Wife attorney's fees:  *Browder*, 382 S.C. at 524, 675 S.E.2d at 826 ("In determining whether to award attorney's fees, the court should consider each party's ability to pay his or her own fees, the beneficial results obtained by counsel, the parties' respective financial conditions, and the effect of the fee on the parties' standard of living." (citing *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992)); *id.* ("An award of attorney's fees lies within the sound discretion of the family court and will not be disturbed absent an abuse of discretion." (citing *Patel v. Patel*, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**