**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michele Branning, Respondent,

v.

James Jay Branning, Appellant.

Appellate Case No. 2023-001121

———————

Appeal From York County
Thomas Henry White, IV, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-198
Submitted May 1, 2025 – Filed June 11, 2025

———————

**AFFIRMED**

———————

Mallory Ann Willink, of Conrad, Trosch & Kemmy, P.A., of Charlotte, N.C.; Carrie L. Lehmann, of Law Office of Carrie L. Lehmann, LLC, of Lancaster; and Scarlet Bell Moore, of Greenville, all for Appellant.

Daniel Dominic D'Agostino and Jacqueline N. Davis, both of D'Agostino/Davis Law Group, of York, for Respondent.

———————

**PER CURIAM:** In this divorce action filed by Michelle Branning (Wife), James Jay Branning (Husband) appeals the family court's order, arguing the court erred in

(1) valuing and distributing the marital assets and (2) awarding Wife attorney's fees and costs. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. In-kind Distribution

Husband argues the family court erred in its valuation of the marital assets and in its in-kind distribution of the parties' companies, MLJB, LLC and CPS, LLC, rather than a liquidation of the companies. Based on our own view of the preponderance of the evidence, we find no error in the family court's in-kind distribution. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [the appellate c]ourt reviews factual and legal issues de novo." (citations omitted)); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (stating an appellate court has the ability to find facts in accordance with its own view of the preponderance of the evidence); *Wooten v. Wooten*, 364 S.C. 532, 542, 615 S.E.2d 98, 103 (2005) ("In order to effect an equitable apportionment, the family court may require the sale of marital property and a division of the proceeds." (citing *Donahue v. Donahue*, 299 S.C. 353, 360, 384 S.E.2d 741, 745 (1989))); *Stevenson v. Stevenson*, 295 S.C. 412, 415, 368 S.E.2d 901, 903 (1988) (stating that although "[t]he [f]amily [c]ourt may require a sale of marital property, and a division of the proceeds, to effect an equitable apportionment[,] . . . [it] should first attempt an in-kind distribution of the marital assets"). The court's distribution ensured each party would retain at least one income-producing asset; awarded Husband the marital ownership percentage of CPS, which he had managed since its purchase; awarded Husband the property associated with the business operating on it; declined Wife's request for alimony based on the allocation to her of an income-producing marital asset; and awarded Husband a larger share of the marital estate. We find the in-kind distribution, which awarded each party an income-producing asset, produced a most equitable apportionment of the marital estate. *See Barrow v. Barrow*, 394 S.C. 603, 616, 716 S.E.2d 302, 309 (Ct. App. 2011) (affirming where the family court made an in-kind distribution, which "permitted the parties to become disentangled from each other financially with respect to those items").

2. Valuation Dates

Husband argues the family court erred in valuing CPS and MLJB as of 2022. To the extent Husband objects to the valuation date of CPS, we find no error because the family court valued it as of 2020, which is the date Husband argues it should have been valued. *See, e.g., State v. Heller*, 399 S.C. 157, 174, 731 S.E.2d 312,

321 (Ct. App. 2012) (finding where the appellant received the relief requested from the trial judge, there is no issue for appellate review). As to MLJB, as found by the family court, all experts testified the increase in value of the MLJB properties between 2020 and 2022 was market driven/passive appreciation. We find no error by the family court in valuing the MLJB properties as of 2022. *See Moore v. Moore*, 414 S.C. 490, 522, 779 S.E.2d 533, 550 (2015) ("In South Carolina, family and appellate courts look to whether there has been active or passive appreciation or depreciation of the marital assets when determining the proper date for valuation." (citation omitted)); *id.* (defining passive appreciation as increase "due solely to inflation, changing economic conditions, or market forces, or other such circumstances *beyond the control of either spouse*" and active appreciation as increase due to "financial or managerial contributions of one of the spouses" (quoting *Burch v. Burch*, 395 S.C. 318, 325-26, 717 S.E.2d 757, 761 (2011)); *Burch*, 395 S.C. at 326, 717 S.E.2d at 761 (providing that "passive appreciation of marital property should be valued at a post-filing date when equity requires that both spouses share in the fruits of the marriage").

### 3. Valuations of MLJB and CPS

Husband argues the family court erred in accepting Wife's experts' valuations of CPS and MLJB rather than his experts' valuations. We disagree. We first note the family court's order reflects its extensive consideration of all of the expert testimony. After consideration of the methods employed by the experts, the experts' credibility, and the information used by the experts in making their valuations, the family court relied on Wife's experts' valuations. We have reviewed the record under our de novo standard of review and find no error by the family court. *See Woodward v. Woodward*, 294 S.C. 210, 215, 363 S.E.2d 413, 416 (Ct. App. 1987) (affirming the family court's valuation of property that was within the range of evidence presented); *Smith v. Smith*, 294 S.C. 194, 198, 363 S.E.2d 404, 407 (Ct. App. 1987) (noting that the family court has the discretion to accept one party's valuation over another party's valuation); *see also Clark v. Clark*, 430 S.C. 167, 175, 843 S.E.2d 498, 502 (2020) (recognizing that despite an appellate court's de novo review, "the family court is in the best position to determine credibility").

### 4. Attorney's Fees

Husband argues the family court erred in awarding Wife her remaining attorney's fees and costs of $38,507.50. We disagree. "[A]ttorney's fees may be assessed against a party in an action brought in the family court." *Patel v. Patel*, 359 S.C.

515, 533, 599 S.E.2d 114, 123 (2004). "In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living." *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992). The reasonableness of attorney's fees should be determined by the following factors: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services." *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991). An appellate court "reviews a family court's award of attorney's fees de novo." *Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019). Here, the family court noted that it considered the factors established in *E.D.M.* and *Glasscock. See Thornton v. Thornton*, 428 S.C. 460, 477, 836 S.E.2d 351, 360 (Ct. App. 2019) ("In awarding attorney's fees, the family court must make specific findings of fact on the record for each of the required factors."). The court found both parties had funds to pay their fees and payment of their fees would only temporarily adversely impact either of them. The court also found the fees were reasonable and both parties received beneficial results because the court accepted Wife's valuations of property but also denied her request for alimony. The court concluded, however, that Husband's fees, including expert fees, were paid by the marital companies and Wife had therefore already contributed to Husband's fees and costs. Thus, the court found it equitable for Husband to pay the remainder of Wife's fees. Our de novo review leads us to the same conclusion regarding the equities, and we find the family court did not err in awarding Wife the remainder of her attorney's fees and costs.

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.