20610

Paul R. HAMILTON, Appellant, v. William M. MARTIN, Respondent.
(241 S. E. (2d) 569)

*Frank B. Register, Jr.,* of Lexington, *for Appellant,*

*Robert E. Salane* and *Edmund H. Monteith,* of Columbia, *for Respondent,*

February 15, 1978.

LEWIS, Chief Justice:

The South Carolina Highway Department acquired, through condemnation, property of appellant, which was under lease to respondent. A joint check in payment was issued to appellant and respondent, and they were unable to effect a division of the proceeds from the condemnation because of a disagreement as to the value of respondent's leasehold interest in the property. This action was brought by the appellant-landowner to have that issue determined. The master, to whom the issue was referred found the value of respondent's leasehold interest to be the sum of $6,871.43. Upon exceptions by the respondent to the master's findings, the trial judge determined the value of respondent's interest to be $13,451.61 and entered judgment accordingly, from which this appeal is prosecuted.

The parties agree that this is an equity case in which the master and circuit judge are in disagreement over factual findings and that, under settled principles,

this court may make findings in accordance with its own view of the preponderance of the evidence, *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773.

The issue on appeal involves the purely factual issue of the value of respondent's leasehold interest.

The property involved was leased by appellant to respondent in August 1970, under a written agreement, for a term of five (5) years at a monthly rental of forty ($40.00) dollars. An *addendum* to the agreement was entered into in September 1971 granting an option to respondent to extend the term of the lease an additional five (5) years at an increased monthly rental of one hundred ($100.00) dollars.

Respondent occupied the leased premises until April 3, 1975, when the Highway Department acquired the property through condemnation for the sum of $56,000.00. At the time of condemnation, there remained a period of four (4) months and six (6) days on the original lease and respondent's option to renew the lease for an additional five (5) year term. Both, the master and circuit judge, concluded that respondent was entitled to compensation for the remaining portion of the original lease, plus compensation for the full term (five (5) years) of his unexercised option to renew. No appeal was taken from the formula used by the master in determining the value of the leasehold interest. He held:

The measure . . . is the value of the use and occupancy of the leasehold for the remainder of the tenant's term, plus the value of the right to renew the lease, less the agreed rent which the tenant would pay for such use and occupancy.

The master found that the economic or fair market rental value of the premises was $225.00 per month. The contract rental for the unexpired portion of the lease was $40.00 per month and $100.00 per month for the unexercised option

period of five (5) years. After figuring the fair market rental value for the remainder of the lease term, including the option period of five (5) years, at $225.00 per month, the contract rental for the period was subtracted and the result reduced to its present value by using a discount figure of six (6%) per cent per year, making the total rental advantage recoverable of $6,871.43.

The trial judge apparently used the same formula as that adopted by the master but found the economic or fair market rental value to be $350.00 per month for the remainder of the lease and option term, thus accounting for the larger award of $13,451.61.

Both parties presented evidence to sustain their respective contentions as to the fair market rental value and the resolution of this factual issue turned upon the weight to be accorded the testimony of the witnesses. A detailed summary of their testimony would serve no useful purpose. The experience and training of the expert witnesses, their familiarity with the property, the similarity of the comparables used by the witnesses, and the low contract rental for the property are all factors which sustain the lower rental value found by the master. While the decision is not without difficulty, we conclude that the preponderance or greater weight of the testimony sustains the master's conclusion.

The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in accord with the master's recommendation.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.