0809

William E. BERRY, Appellant-Respondent v. Patricia C. BERRY, Respondent-Appellant.

(350 S. E. (2d) 398)

Court of Appeals

*Jefferson V. Smith, Jr.,* of *Carter, Smith, Merriam, Rogers & Traxler,* Greer, *for appellant-respondent.*

*C. Dixon Lee, III,* and *James T. McLaren* of *Draine, McLaren & Lee,* Columbia, *for respondent-appellant.*

Heard Sept. 17, 1986.

Decided Oct. 20, 1986.

CURETON, Judge:

In this divorce action both parties appeal certain aspects of the equitable division award. We affirm in part, reverse in part and remand.

The parties are in their early fifties and had been married for thirty years at the time they were divorced. Their two children are over eighteen years of age and are in college. The husband initiated this action for a divorce based upon the wife's adultery and prayed for an equitable division of all marital property. The wife admitted adultery and counterclaimed for equitable division of marital property, alimony and attorney fees.

The trial court granted the husband a divorce, barred the wife of alimony and attorney fees and divided the marital estate approximately fifty-six percent to the husband and forty-four percent to the wife. The trial judge found that those percentages approximate the parties' relative total

contributions to the marital estate as testified to by the wife's expert witness. Both parties appeal the equitable division award.

The marital property consists of the marital home, a tract of land located on U.S. Highway 123 in Greenville on which is constructed several greenhouses and other improvements, another tract of land located on White Horse Road in Greenville, a floral business located in Spartanburg, stocks, household furnishings and other marital assets.

## HUSBAND'S APPEAL

The husband first asserts that the division of marital assets was not equitable because he received overvalued assets. He claims that it was error for the trial judge to adopt the appraisal of the wife's expert witness regarding the Highway 123 and the White Horse Road properties. The wife's expert witness, Goldsmith, testified that the value of the husband's interest in the Highway 123 property was $415,000.00 while the husband's appraiser, Robinson, testified that his interest was worth only $315,000.00. Both experts testified that they determined the value of the "leased-fee estate," which is the interest the owner of the property now enjoys by first determining the present value of the rent to be received under the remaining term of the lease and adding to that the value of the reversionary interest in the land and improvements at the end of the term of the lease. The basic difference between the approaches used by the expert witnesses is that Goldsmith placed a value of $96,000.00 on the "leasehold interest" defined as the difference between "economic rent" or "fair rental value" and the rent stated by the lease for the remaining term of the lease, while Robinson testified that there was no "leasehold interest" to be valued. If the "leasehold interest" is eliminated, Goldsmith's appraisal was be $319,500.00, or virtually the same as Robinson's.

We hold that while appropriate in the proper case, consideration of a "lease-hold interest" in this case was improper because the "leasehold interest," if any, is an asset of the lessee corporation, not the parties. *See Hamilton v. Martin*, 270 S. C. 223, 241 S. E. (2d) 569 (1978). Goldsmith in effect admitted this when he testified:

The tenant has the lease-hold interest, which is an interest in the real estate. He has the right to the enjoyment of the property, the use of the property during the life of the lease, plus the advantages of having a favorable lease.

As pertains to the lot on White Horse Road, the husband's appraiser testified that the fair market value of the lot was $11,000.00 and that it would cost $3,500.00 to remove a condemned building from the lot, leaving a net value of $7,700.00. On the other hand, the wife's appraiser testified that the lot was worth $21,124.00 even with the condemned building. The trial judge adopted the value placed on the property by the wife's appraiser, finding that he was more familiar with the area than the husband's appraiser. We find no error. A proper resolution of the factual issue here involved turns upon the weight to be afforded the testimony of the witnesses. Since the trial judge was in a better position to judge the credibility of the witnesses and the weight to afford their testimony, we defer to his judgment. *Vance v. Vance*, 287 S. C. 612, 340 S. E. (2d) 554 (Ct. App. 1986).

The husband also argues that the trial judge awarded the wife too much property. The bulk of his argument is premised upon the assumption that the judge adopted the wife's expert's testimony in its totality. He argues first that in determining the wife's entitlement to equitable distribution, the trial court considered a "differential foregone" factor on the assumption that the wife lost income by not pursuing a business career. A review of the language of the decree shows that the husband misperceives its provisions. The decree simply does not show that the trial judge used the differential foregone factor in determining the wife's contribution to the marital estate. To the contrary, the trial judge makes it clear in the decree that he seriously doubted the validity of this aspect of the expert's analysis.

The husband next complains that the trial judge miscalculated the wife's indirect contributions to the marital estate. The gravamen of this complaint is that the trial judge gave too much credence to the testimony

of the wife's expert on this point. We note again that the matter of judging the weight of evidence is ordinarily best left to the discretion of the trial judge and we will not disturb his determination unless abuse is shown. We find no abuse of discretion here.

We agree, however, with the husband's contention that the trial court appears to have awarded the wife a greater share in equitable distribution because he could not award her alimony. The particularly troublesome part of the decree reads:

> Although it was the Respondent's adultery that precipitated this divorce action, no deduction has been made from her share by reason of her fault.... Were it not for the length of this marriage and the fact that Mrs. Berry is barred from alimony, I would have awarded her a substantially lower percentage of the marital property.

While it was proper for the trial judge to have disregarded the wife's fault, it was not proper for him to have increased her distributive share to make up for the alimony he could not award her. Fault may be used to decrease such an award, but never to increase it. *See Rogers v. Rogers*, 280 S. C. 205, 311 S. E. (2d) 743 (Ct. App. 1984). Such an increase in an equitable distribution award is contrary to the public policy considerations manifested in the alimony barring statutes. Section 20-3-130, Code of Laws of South Carolina, 1976. We cannot determine from the record to what extent the award was increased due to the alimony consideration. Because we remand the equitable distribution award for further consideration by the trial court, we direct the court to reconsider this aspect of the wife's award to eliminate any increase in the award because of the court's inability to award her alimony.

## WIFE'S APPEAL

Like the husband, the wife's principal complaint regarding the equitable distribution award is that the value of the property assigned to her is less than found by the family court judge. She assigns error to the trial court's order as follows: (1) her retirement plan should not have been in-

cluded as a marital asset subject to division; (2) the trial court did not consider a $40,000.00 second mortgage on the marital residence awarded to her in determining the value of the marital home; (3) a farm received by gift from her cousin in the early seventies and jointly titled in both parties' names should not have been included in the marital estate; and (4) she claims that she received an insufficient share of the marital estate.

The husband conceded in his brief and at oral argument that neither the wife's retirement plan nor the farm is marital property subject to equitable division. The parties disagree as to the effect of the concession regarding the farm. The husband claims that his concession leaves the parties as joint owners of the property and removes it from the jurisdiction of the family court to divide. On the other hand, the wife argues that the land should be declared to be her sole property because of the concession and also because her cousin did not intend to give the husband an interest in it.

The appellate courts of this State have repeatedly identified marital property as all property accumulated during the marriage which does not fall within some established exception. *Bannen v. Bannen,* 286 S. C. 24, 331 S. E. (2d) 379 (Ct. App. 1985); *Webber v. Webber,* 285 S. C. 425, 330 S. E. (2d) 79 (Ct. App. 1985); *Walton v. Walton,* 282 S. C. 165, 318 S. E. (2d) 14 (1984). Moreover, actual title ownership is no longer an impediment to the division of property so acquired. *See Reid v. Reid,* 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). While we have held that a gift to one spouse during marriage retains its separate identity as nonmarital property unless transmutted into marital property, *Barr v. Barr,* 287 S. C. 13, 336 S. E. (2d) 481 (Ct. App. 1985), we find nothing in the record to show that the wife's cousin intended for the farm to benefit solely the wife.[1] It is apparent that the husband failed to appreciate the effect of his concession and we refuse to accept the concession be-

---

[1] The wife argues that the trial judge precluded her from offering the testimony of her cousin to show who the gift was intended to benefit. We find nothing in the record to support this argument. This court is confined to the record in reviewing a judgment for error. *South Carolina State Highway Department v. Meredith,* 241 S. C. 306, 128 S. E. (2d) 179 (1962).

cause the effect urged is contrary to established case law. *See Suddeth v. Knight*, 280 S. C. 540, 314 S. E. (2d) 11 (Ct. App. 1984) (a stipulation will not be enforced if it is contradictory and confusing and there is a disagreement as to what was intended to be included therein).

To finance the education of the parties' children, the husband borrowed $40,000.00 from a trust he had established and secured the loan with a second mortgage on the marital home. Presently, the husband is paying interest only on the loan. The wife was awarded the marital home in the equitable division, but the trial judge did not reduce the value of her share by the amount of the mortgage. The judge noted, however, that the husband was responsible "to pay the personal loan made by him" for tuition, an apparent reference to the $40,000.00 note and mortgage.

The wife argues that the failure of the trial judge to account for the $40,000.00 second mortgage in calculating the equity in the marital home diminished the value of her share. Conversely, the husband argues that since he is responsible for payment of the mortgage, the wife's share is not diminished. We agree with the wife. The wife's property is clearly burdened with the mortgage. If the trial judge intended to award the wife the marital residence free of the mortgage lien, he should have provided for the husband to pay off the mortgage. On the other hand, if he intended for the wife's estate to be burdened with the mortgage, he should have reduced her equity accordingly. This matter is remanded for the trial judge to either provide for the wife to receive the residence free of the $40,000.00 mortgage, or to reduce her equity in the residence correspondingly.

The wife's final argument is that although the trial judge sought to award her forty-four percent of the marital estate, in actuality, her share was less than that because of various analytical errors. The alleged errors argued in her brief are: (1) the court did not value the property as of the date of separation; (2) the court did not account for some $18,000.00 the husband withdrew from an account; and (3) the court double counted some of the husband's personal debts in arriving at the net value of the marital estate awarded him.

As pertains to the first assignment of error, the Statement of the Case indicates that the wife stipulated at trial to the value of some of the marital assets. Moreover, the record shows that the court adopted many of the values that were testified to by the wife's expert witnesses. She will not be heard to complain about these values now. We are also unable to find any support in the record for the other assignments of error. The record shows that the husband did not secrete the $18,000.00 from a marital account, but simply transferred it from one investment to another. Likewise, we are unable to locate any double counting of the husband's debts.

Accordingly, the order of the trial judge is reversed as to the inclusion of the IRA in the marital estate, the adoption of Goldsmith's appraisal, failure to account for the second mortgage on the marital home, and the increase in the wife's share of the equitable distribution award because she was statutorily barred from receiving alimony. Otherwise the order is affirmed. Because it appears to us that it is not feasible for the trial court to correct the errors found herein without impacting upon both the amount and manner of dividing the marital assets, we remand the entire equitable division award for reconsideration consistent with this opinion.

Affirmed in part, reversed in part and remanded.

BELL and GOOLSBY, JJ., concur.