22827

William E. BERRY, Jr., Respondent v. Patricia C. BERRY, Petitioner.

(364 S. E. (2d) 463)

Supreme Court

*James T. McLaren* and *C. Dixon Lee, III*, of *Draine, McLaren and Lee*, Columbia, *for petitioner.*

*Jefferson V. Smith, Jr.*, of *Carter, Smith, Merriam, Rodgers & Traxler*, Greer, *for respondent.*

Heard Oct. 19, 1987.

Decided Jan. 25, 1988.

FINNEY, Justice:

This Court granted certiorari on the following question:

> Did the Court of Appeals commit error in reversing the family court for having considered the fact that petitioner was barred from alimony in making an equitable distribution of the marital property?

We affirm the decision of the Court of Appeals.

William E. Berry, Jr., respondent, and Patricia C. Berry, petitioner, were divorced after thirty years of marriage. William Berry initiated this action for divorce, alleging that his wife was guilty of adultery, and requested an equitable

division of all marital property. Petitioner admitted adultery and counterclaimed for equitable division of marital property, alimony and attorney fees. The trial court granted respondent a divorce, equitably divided the marital estate, and barred petitioner from receiving alimony and attorney fees. The Court of Appeals reversed and remanded the equitable division award, holding that the trial court erred in indicating that it had increased petitioner's distributive share to compensate for the alimony which could not be awarded.[1] *Berry v. Berry*, 290 S. C. 351, 350 S. E. (2d) 398 (Ct. App. 1984). *See also*, S. C. Code Ann. § 20-3-130 (1976). Essentially, the Court of Appeals' decision prohibits the family court from using equitable division of marital property to award alimony barred by adultery.

Petitioner argues that this decision would require the family court to ignore two of the relevant factors enumerated by this Court when equitably dividing marital property: (1) The present income of the parties; and (2) the effect of distribution of assets on the ability to pay alimony and support. *See, Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985). In our opinion, the Court of Appeals' decision does not preclude a family court from considering a party's income and the effect of distribution of assets on the ability to pay alimony and support when a divorce has been granted on the grounds of adultery. However, the preclusion of an alimony award to a spouse cannot be used to increase an equitable distribution award. *Berry v. Berry, supra.* Where a spouse is adjudged guilty of adultery, an increase in an equitable distribution award would contravene the public policy considerations manifested in the alimony-barring statute. *See*, S. C. Code Ann. § 20-3-130 (1985).

A review of the record indicates that the Court of Appeals did not err in reversing and remanding the equitable distribution award. Accordingly, we affirm the decision of the Court of Appeals and remand this case for the family court

---

[1] In equitably dividing the property, the judge stated:

Although it was [Patricia Berry's] adultery that precipitated this divorce action, no deduction has been made from her share by reason of her fault ... Were it not for the length of this marriage and the fact that [she] is barred from alimony, I would have awarded her a substantially lower percentage of the marital property.

to reconsider, consistent with the Court of Appeals' decision, the equitable distribution award and eliminate any increase predicated upon Patricia C. Berry's lack of alimony.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.