23079

Regan S. ROBERTS, Respondent v. Richard B. ROBERTS, Petitioner.
(384 S. E. (2d) 719)

Supreme Court

*G. Robin Alley* of *Ellison, Quinn, Isaacs & Alley,* Columbia, *for petitioner.*

*Robert L. Hallman, Jr.,* Columbia, *for respondent.*

Heard April 5, 1989.

Decided Sept. 5, 1989.

TOAL, Justice:

This is a domestic action before this court on writ of certiorari to the Court of Appeals. *Roberts v. Roberts,* 296 S. C. 93, 370 S. E. (2d) 881 (Ct. Ap. 1988). The sole issue before this Court is whether approximately 43.5 acres of a 48.45 acre tract of real property acquired during the marriage and titled in Mr. Roberts' name is marital property subject to equitable distribution under S. C. Ann. § 20-7-473 (Supp. 1988). The Family Court held the property was a gift to Mr. Roberts from his mother and, therefore, was not marital property subject to distribution. The Court of Appeals reversed, finding the property was marital property. We affirm the opinion of the Court of Appeals as modified.

Regan S. Roberts (Wife) and Richard B. Roberts (Husband) were married in August of 1974. They have three children. Wife is a school teacher; Husband owns a construction company.

The following facts regarding the acquisition and use of the property are undisputed. Husband's mother inherited an interest in the subject property. In January of 1976, Husband's mother purchased the property at a Master's sale for $24,500.00. Husband's mother conveyed this property to

Husband by deed in May 1976. Richard and his wife, Regan, began construction of a house on the property in 1977, which they occupied as their marital residence beginning in 1982 and until these proceedings began below.

The remaining facts surrounding the acquisition of the property are disputed. Wife testified that, in fact, she and Husband had purchased the property. According to Wife, Husband's mother had agreed to allow them to use the mother's inherited interest in the property ($11,745.68) to make the purchase. The couple was to repay this amount to Husband's mother. Wife testified she and Husband supplied the remaining portion of the $24,500.00 purchase price. In order to raise this additional amount, Wife testified she borrowed funds from her credit union, and the couple used their savings.

In support of her version of the facts, Wife presented evidence tending to show repayment of the funds borrowed from Husband's mother. Wife introduced into evidence 15 checks made payable to Husband's mother written on the couple's joint checking account totaling $3,000.00 on which notations had been made by husband indicating they were "payments" attributable to various months. Additionally, Wife introduced checks drawn on the couple's joint checking account totaling $6,500.00 which were made payable to Standard Savings and Loan. Husband admitted on cross-examination these checks were probably deposited into his mother's savings account at Standard Savings. Wife testified she understood the couple was also repaying the debt to the mother, in part, by the use of the couple's income tax refunds. She testified Husband told her she could not use such a refund one year in order to purchase a bedroom suite, because the refund must go to his mother.

In support of her allegations that the couple had supplied the remainder of the purchase price, Wife introduced copies of checks totalling $12,621.00, which she testified comprised the remaining amount. Included in these checks were two made payable to Wife from the S. C. Teachers's Credit Union, which Wife testified were the proceeds from two loans she had acquired to assist in raising the purchase price. Wife testified she found the copies of these checks, along with a copy of a deposit slip, on a joint account in

Husband's and his mother's name, which listed the checks, in Husband's file.

The Husband testified the property was a gift to him from his mother. However, aside from the deed, which showed the property was titled solely in his name, he offered no additional evidence in support of his position. He was unable to recall the reason checks had been written to his mother or deposited into her savings account. Husband stated on cross-examination his mother had never loaned the couple any funds. Husband was unable to recall any reason Wife might have borrowed the funds from the credit union.

The Family Court found the entire 48.45 acres was a gift to Husband. However, the Family Court determined that, as the marital home was located upon the property, five acres of the property surrounding the marital home has been transmuted into marital property. The Family Court divided this and all additional marital property equally between the parties.

The Court of Appeals held the preponderance of the evidence established the entire 48.45 acres was marital property and should have been equitably distributed. The Court of Appeals ordered a remand to determine if the property could be distributed in kind. 370 S. E. (2d) at 884.

Husband alleges the Court of Appeals erred in finding the copy of the deposit slip was admissible, in finding the property was marital property and not a gift, and in failing to remand for a redetermination of the percentage of equitable ownership following the finding the property was marital property.

As an action for divorce is an equitable action heard by a family court judge alone, this Court may, on appeal, find facts in accordance with its own view of the preponderance of the evidence. *McLaughlin v. McLaughlin,* 283 S. C. 404, 323 S. E. (2d) 781 (1984).

## DEPOSIT SLIP

Wife testified the copy of the deposit slip "showed" Husband had taken the funds referenced thereon and deposited them into his mother's account. Husband objected to the line of testimony, noting the copy did not reflect that the deposit had actually been made, and Wife had no actual

knowledge concerning whether the deposit had, in fact, been made. The trial judge questioned Wife regarding her direct knowledge that the deposit had been made. Upon her admission that she had no direct knowledge regarding the deposit, the trial court sustained Husband's objection as to the "deposit slip." The record does not reflect an offer of the copy of the deposit slip into evidence, an objection to such an offer, or a ruling on the evidence's admissibility.

Fundamental principles of evidentiary procedure dictate evidence must be offered before an opposing party may object to its introduction or its admissibility may be ruled upon by a trial court judge. C. McCormick, *McCormick on Evidence* § 51 (E. Cleary (3d) ed. 1984). A party opposing the introduction of evidence must object to its introduction and state the grounds for the objection. *Bramlett v. Davis*, 289 S. C. 85, 344 S. E. (2d) 867 (Ct. App. 1986). Well settled principles of appellate review prevent this Court from reviewing alleged error committed below on grounds not raised before the trial court. *See e.g. Rosamond Enterprises, Inc. v. McGranahan*, 278 S. C. 512, 299 S. E. (2d) 337 (1983). To hold evidence to which reference is made, but which is not offered into evidence, is admissible would severely prejudice the party opposing its introduction by virtually precluding the party from placing the grounds for his objection on the record. Therefore, as the record clearly reflects the copy of the deposit slip was not offered into evidence, we believe the Court of Appeals erred in holding the copy of the deposit slip was admissible.

## MARITAL PROPERTY

All real and personal property acquired by the parties during the marriage is marital property subject to equitable distribution, irrespective of how legal title is held, unless it falls within one of the statutory exceptions. S. C. Code Ann. § 20-7-473 (Supp. 1988). *See also, Berry v. Berry*, 290 S. C. 351, 350 S. E. (2d) 398 (Ct. App. 1986), affirmed 294 S. C. 334, 364 S. E. (2d) 463 (1988). It was undisputed the property at issue was acquired during the marriage and held in Husband's name when this action was commenced. Thus, the burden was upon Husband to establish by the preponderance of evidence, the property was a

gift to him and, therefore, not a part of the marital estate. *Miller v. Miller*, 293 S. C. 69, 358 S. E. (2d) 710 (1987).[1]

■ The evidence presented by Husband was insufficient to carry his burden of proof. To the contrary, the preponderance of the evidence, completely aside from the copy of the deposit slip, leads us to the conclusion the property was purchased by the couple. The entire property was marital property and subject to equitable distribution.

## REDETERMINATION OF EQUITABLE OWNERSHIP

In the event this Court determined the property at issue was marital property, Husband requested this Court remand the case to the Family Court for a redetermination of equitable ownership in the property at issue.

The Family Court's Order reflects the equitable distribution of the marital property was based upon the factors as set out in *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985)[2] and is supported by the record. As none of these factors in this instance is affected by the inclusion of the property increasing the size of the marital estate, a remand for a redetermination of equitable ownership is unnecessary. *Cf. Casey v. Casey*, 293 S. C. 503, 362 S. E. (2d) 6 (1987).

The remand ordered by the Court of Appeals to determine whether an in-kind distribution of the additional marital property should be made is unnecessary. The parties have already sold the property and are holding the funds in escrow pending resolution of this appeal. These funds should be distributed to the parties in accordance with the percentage of ownership of the marital property established by the Family Court below.

---

[1] The party who carries the burden of proof, sometimes referred to as the burden of persuasion or the burden of the evidence, on a given issue is the party having the risk of non-persuasion and is the one upon whom falls the duty of going forward with the evidence on the issue. 9 J. Wigmore, *Evidence* § 2487 (Chadbourn rev. 1981); 29 Am. Jur. (2d) *Evidence* § 123 (1967). Husband had the burden of proof because he sought to show property, admittedly acquired during the marriage, fit within a statutory exception and was, therefore, non-marital. He did not have this burden as a result of his control of the evidence necessary to make this showing.

[2] Although S. C. Code Ann. § 20-7-472 (Supp. 1988) became effective June 13, 1986, and this action was pending on that date, Husband did not allege the distribution was improper.

The judgment of the Court of Appeals is affirmed as modified.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.