1672

Vicki Cheryl SEAWRIGHT, Respondent v. Stephen A. SEAWRIGHT, Appellant.

(406 S.E. (2d) 386)

Court of Appeals

*Harold R. Lowery,* of *Lowery, Thompson & King,* Anderson, *for appellant.*

*William N. Epps, Jr.,* of *Epps, Krause & Nicholson,* Anderson, *for respondent.*

Heard May 7, 1991.

Decided June 10, 1991.

*Per Curiam:*

In this divorce case, Stephen A. Seawright (the Husband) appeals the equitable division of property and the award of attorney fees to Vicki Cheryl Seawright (the Wife). We affirm.

The two issues of merit are whether the trial judge erred by (1) considering the lack of an alimony award to the Wife when dividing the marital property; and (2) finding that the house in which the Husband has been living is marital property.

We hold that the trial judge did not err by considering the Wife's lack of alimony when dividing the marital property. The Wife did not seek and the judge did not award alimony. The record contains no evidence or allegations of adultery by the wife which would have barred her from alimony. The Husband argues that since the Wife did not seek alimony, the trial judge should not have considered her failure to get alimony when dividing the marital property. In support of this argument, the Husband relies upon *Berry v. Berry,* 294 S.C. 334, 364 S.E. (2d) 463 (1988) and *Smith v. Smith,* 294 S.C.

194, 363 S.E. (2d) 404 (Ct. App. 1987). We find that the Husband's reliance upon *Berry* and *Smith* is misplaced because both of those cases involve adultery.

In the case before us, there is no evidence or allegation that the Wife committed adultery. The trial judge, therefore, did not violate public policy by considering the Wife's failure to get alimony. Whether alimony is awarded is a relevant factor in property division. S.C. Code Ann. § 20-7-472(9) (Supp. 1990).

We hold that although it is not reversible error, the trial judge did err by finding that the Husband is the equitable owner of the house in which he has been living, and that the house is marital property.

The title to the house is in the name of the Husband's sister, Rhea Seawright, who is not a party to the action. It was error for the trial judge to declare the Husband to be the equitable owner of the property without the title owner of record being made party to the suit. Although this was error, it is not reversible error because we find that the division of the marital property is fair and equitable.

This is a matter in equity. On appeal this court can make its own findings of fact based on our own view of the evidence. *See Mitchell v. Mitchell,* 283 S.C. 87, 320 S.E. (2d) 706 (1984).

The trial judge awarded the Wife a house with equity of approximately $50,000. This is the home where she and her minor child live. This home is the only real property the Wife received in the property division.

The trial judge awarded the Husband approximately $35,000 in marital property. In addition, the record contains evidence that the Husband has a retirement fund not identified by the trial judge. This fund apparently has over $17,000 in it. When the value of this fund is added to the value of the property awarded the Husband, it is clear that the Husband has approximately $50,000 in marital property as a result of the equitable division.

Thus, even without considering the house in which the Husband is living, the parties received close to a 50-50 split in marital property. We find this division to be just and equitable for the following reasons: (1) the record clearly demonstrates that the Husband was at fault for the break up of the marriage; (2) the Wife did not receive alimony; (3) the Hus-

band's earning potential far exceeds the Wife's; and (4) it appears that the Husband attempted to shield some property from equitable division. We find that the trial judge did not abuse his discretion by making a 50-50 property division.

For the reasons stated above, we affirm the trial judge's division of the marital property and the award of attorney fees.

Affirmed.