1781

STANLEY SMITH & SONS, Appellant v. D.M.R. INCORPORATED, d/b/a Stardust Skate Center, Respondent.

(415 S.E. (2d) 428)

Court of Appeals

*Ernest G. Lawhorne, Andrew F. Lindemann, Nauful & Ellis,* and *Robert P. Wood,* of *Sherrill & Rogers, P.C.,* Columbia, *for appellant.*

*C.D. Hopkins, Jr.,* Charleston, *for respondent.*

Submitted Jan. 7, 1992.

Decided March 9, 1992.

*Per Curiam:*

Stanley Smith & Sons (Stanley Smith) appeals an order denying its motion to transfer venue of this action from Charleston County to Lexington County. We reverse and remand.

In September 1989, Hurricane Hugo damaged the roof on a building owned by D.M.R. Inc., d/b/a Stardust Skate Center (DMR) in Charleston County. DMR contacted Stanley Smith, a Lexington County business, to replace the roof. Stanley Smith's president, James Erwin Smith, went to Charleston to view the premises. Smith and DMR's president, Evard Dodge, entered into a written contract for the project.

The contract is on a Stanley Smith form. The first sentence, which is typewritten, states:

> Subject to the terms and conditions printed on the back hereof, which are hereby referred to and made a part of this proposal, we quote as follows. . . .

The contract then contains handwritten terms outlining the work to be done and the terms of payment. The back of the contract contains typewritten, enumerated "Terms and Conditions." Condition 11 provides in part:

> Any dispute or claim arising out of this Contract or from a breach of this Contract . . . shall be submitted to the Court of Common Pleas for Lexington County, Eleventh Judicial Circuit of the State of South Carolina.

Stanley Smith performed the work, but DMR failed to pay the full contract price. Stanley Smith brought an action for breach of contract in Lexington County, and DMR raised certain counterclaims. DMR then moved to transfer venue from Lexington County to Charleston County pursuant to S.C. Code Ann. § 15-7-30 (1976) (governing actions which must be tried in the county where the defendant resides). Dodge submitted an affidavit in support of the motion in which he stated:

> There was no reference made to the terms contained in small print on the back of the Proposal-Contract Agreement *other than* the small printing making the agreement subject to the terms and conditions printed on the back.

(Emphasis supplied.) The circuit court noted Condition 11 "may ultimately be enforced and venue returned to Lexington County." The court granted the motion, but specifically preserved Stanley Smith's right to move for a change of venue back to Lexington County.

Subsequently, Stanley Smith moved to transfer venue back to Lexington County pursuant to S.C. Code Ann. § 15-7-50 (1976) (governing hearing of an action by consent in a county other than that required by statute). Stanley Smith asserted the parties agreed to place venue in Lexington County through Condition 11 of the contract.

The circuit court noted that Dodge stated in his affidavit "that no reference was made to the terms contained in small

print on the back of the . . . agreement and that he was unaware of the small print provisions." The court noted that an agreement to hear an action in a county other than that required by law is binding and not contrary to public policy under *St. John's Episcopal Mission Center v. South Carolina Dept. of Social Servs.*, 276 S.C. 507, 280 S.E. (2d) 207 (1981). However, the court concluded the scope of the parties' agreement was a factual matter to be determined at trial, since Dodge denied the contract's "Terms and Conditions" were part of the agreement. The circuit court thus held the general venue statutes should prevail, and denied Stanley Smith's motion.

Stanley Smith moved pursuant to Rule 59, SCRCP, for the court to reconsider its ruling. Stanley Smith argued the issue was for the court, not the jury. Stanley Smith also argued that DMR may not avoid the written terms of the contract on the grounds that Dodge did not read it. The court declined to rule that "the existence of the contract" should be decided on a motion to transfer venue. The court denied the motion, and Stanley Smith appealed.

We first address whether in ruling on the motion to transfer venue the court should have decided the efficacy of Condition 11. Contrary to the circuit court's order, the "existence of the contract" is not in dispute. DMR admitted its existence in the answer, and even asserted counterclaims dependent upon the existence of the contract. In any event, for purposes of ruling on the venue motion only, the trial court must make a factual determination to support venue, which in this case requires the court to determine whether the parties are bound by the venue term in their agreement. *See Peters v. Double Cola Bottling Co. of Columbia*, 224 S.C. 437, 79 S.E. (2d) 710 (1954) (in ruling on a motion to change venue, the trial court sits as judge and jury); *Rosamond v. Lucas-Kidd Motor Co.*, 183 S.C. 544, 191 S.E. 516 (1937) (the Supreme Court reversed the refusal to transfer venue where the main issue was one of fact); 77 Am. Jur. (2d) *Venue* § 82 (1975 and Cum. Supp.) (where there are no factual issues as to the proper venue, the court lacks discretion and must transfer venue to the proper place of trial; if there are conflicting affidavits on issues important to venue, the court must resolve the conflicts, and the

decision will rest within the court's discretion). In the absence of such a finding by the trial court, the appellate court will determine the issue. *See* St. John's Episcopal Mission, 276 S.C. 507, 280 S.E. (2d) 207 (the Supreme Court made the finding on appeal that the parties were bound by their agreement regarding venue).

An agreement that disputes will be heard in a county other than that in which it may otherwise have been brought will be upheld where the circumstances make such agreement reasonable and not contrary to public policy. *St. John's Episcopal Mission. See also* Annotation, *Validity of Contractual Provision Limiting Place or Court in which Action May be Brought*, 31 A.L.R. 4th 404 (1984 and Cum. Supp.) (survey of jurisdictions upholding the validity of such provisions). DMR's only basis for arguing the provision is unreasonable is that Dodge was "ignorant and unwary," so that his failure to read the "Terms and Conditions" on the back of the contract may be excused. DMR argues Dodge was acting under exigent circumstances, and the language directing him to the terms on the back were in "small print on the front." DMR also argues the venue term was not one that a person would ordinarily believe to be part of a repair contract. We reject these contentions.

In his affidavit, Dodge acknowledged the "small print" on the front of the agreement made it subject to the terms on the back. That "small print" is in fact prominently placed at the beginning of the contract, and alerts the reader to refer to the terms on the back. Dodge had a duty to read the document and learn its contents before he signed it and bound DMR to its terms. *Burwell v. South Carolina Nat'l Bank*, 288 S.C. 34, 340 S.E. (2d) 786 (1986). The rule is subject to the exception, which is very strictly interpreted by our Supreme Court, that if the party is ignorant and unwary, his failure to read the document may be excused. *Id.* The court must consider an individual's education, business experience and intelligence in deciding whether a party may be classified as ignorant and unwary. *Id.* Here, DMR offered no evidence to demonstrate that Dodge, its president, lacked the education, business experience, and intelligence to read and under-

stand the agreement.[1] *See Roberts v. Roberts*, 296 S.C. 93, 370 S.E. (2d) 881 (Ct. App. 1988), *affirmed as modified*, 299 S.C. 315, 384 S.E. (2d) 719 (1989) (the burden of evidence is imposed on the party best able to sustain it, that is, the party having peculiar knowledge of the facts or control of the evidence relating to an issue).

Accordingly, we reverse the order denying Stanley Smith's motion to transfer venue, and remand with instructions that this action be transferred from Charleston County to Lexington County. *St. John's Episcopal Mission*, 276 S.C. 507, 280 S.E. (2d) 207.

Reversed and remanded.

---

[1] We note further that DMR made no allegation that Smith prevented Dodge from reading the terms, or otherwise gained his signature through fraud, misrepresentation or trickery. *See Souba v. Life Ins. Co. of Virginia*, 187 S.C. 311, 197 S.E. 826 (1938). In fact, as stated earlier in this opinion, DMR does not seek to vitiate the contract, but to acknowledge it, and pursue counterclaims founded upon it.